## IN RE WILLIAMS.

PATENTS; PATENTABILITY; ANTICIPATION.

An invention relating to burial caskets, and particularly to means for sealing them, showing an elliptical space to receive liquid cement around the edge of the casket, made by an outwardly facing groove, is anticipated by a patent to another showing the same invention, except that the space in question is rectangular.   The difference is merely one of design, and is not patentable.

No. 428.   Patent Appeals.   Submitted May 20, 1907.   Decided June 4, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.   *Affirmed.*

The facts are stated in the opinion.

*Mr. Milton E. Robinson* and *Messrs. Robinson, Martin, & Jones* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents rejecting an application [by Thomas H. Williams] for a patent having the following claim:

"An outside burial case consisting of a cement body of suitable form and size to receive a casket having an open top, with a shoulder and an upwardly standing flange outside of the shoulder around the upper edge of the wall, the flange having an inwardly facing groove, a cement cover adapted to close the top of the case and rest on the shoulder, and having around its edge an outwardly facing groove, the groove of the cover and the groove of the flange together forming an upright elliptical space, and the cover and flange arranged to provide an open joint to receive, in connection with said *elliptical space,* a liquid cement, substantially as set forth."

Patent was denied on reference to a patent to Zarling, No. 712,030, issued October 28, 1902. The only difference between the two is in the shape of the space made to receive the liquid cement. In appellant's casket this space has around its edge an outwardly facing groove, which makes it elliptical. In Zaring's patent this space is rectangular. The difference is one of design merely, and is clearly not patentable.

The decision is affirmed. This decision will be certified to the Commissioner of Patents as the law requires. _ *Affirmed.*